JOHNSON, Judge.
Plaintiffs, husband and wife, filed this suit for damages which plaintiffs allege were suffered by their four-months-old daughter when the driver of a passenger bus was guilty of negligence in making a sudden stop. After the trial the Second Parish Court, Parish of Jefferson, rendered judgment in favor of defendants. Plaintiffs have appealed.
Plaintiffs’ petition charges the driver with negligence in these four particulars:
“1. Driving at a fast and dangerous rate of speed,
2. In Jamming on their brakes,
3. In that the safety devices on the bus were inoperative,
4. In driving recklessly and carelessly”
*354 The only witness for plaintiffs on this subject was Terry Wilson, the child’s mother. She testified that she boarded the bus at the ferry in Gretna about 4:00 o’clock p. m., with the baby in her arms; that the bus driver ordered her off the bus because he was not ready to take on passengers; that when she did board the bus she sat in the front seat across the aisle from the driver; that she cursed the bus driver and that he cursed her. It is definite from other witnesses that said plaintiff did curse the bus driver and called him extremely indecent and vulgar names. The bus driver denied that he cursed said plaintiff, but did threaten to call the police to have her put off the bus. This plaintiff further testified that when in the middle of the block she pulled the bell cord for her stop at the next corner she went to the door and stood on the top step to wait for the bus to stop, but the driver did not slow down in the usual gradual manner. She said he applied the brakes suddenly, which threw her off balance and caused the baby’s head to hit something, causing a serious injury to the baby. Plaintiffs did not call any witnesses and there is not one word of testimony to support their charge of negligence or misconduct on the part of the driver. The testimony on the part of the bus driver and by a disinterested passenger on the bus on that trip constitutes a positive preponderance of evidence in favor of defendants and convinces this court that the driver was not guilty of any negligence whatever, and also that the baby received no injury on the bus.
Having come to the definite conclusion that no negligence on the part of the bus driver was proven, it is not necessary to review the testimony about the alleged injuries to the child. The testimony about injuries to the child by the plaintiffs is entirely unsupported and we refer to it only as an indication of the utter absurdity of plaintiffs’ case. Both plaintiffs testified that they took the child to Dr. J. V. Greg-oratte who had X-rays made of the baby’s head and told them that the child’s skull was fractured. They said the doctor gave them a prescription but in the meantime told them to “place something like a cold pack on her head and that will probably help her.” The doctor was not called as a witness, though the court gave counsel for plaintiffs a continuance and reassignment of the trial to afford counsel a second opportunity to have the doctor present. Counsel submitted the case without the doctor’s testimony. The trial court was convinced, as .we are, that the case must be dismissed.
For these reasons the judgment of the trial court is affirmed with costs to be paid by plaintiffs.
Affirmed.